**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

MILTON ANDERSON,
    Plaintiff,

v.

Case No. 4:25-cv-04154-JEH

GREG DONATHAN, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff Milton Anderson, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1). Plaintiff seeks leave to proceed *in forma pauperis* and to waive the reduced filing fee. (Docs. 3, 6). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Complaint states a federal claim.

This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

1

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

# I

Plaintiff files suit against Program Director Greg Donathan, Program Administrator Sharon Coleman-Weems, Assistant Program Director Erin Posey, Cheryle Hinthorne, Security Director Ham, Internal Investigator Waterkotte, and Security Therapy Aides Logan, Ryan Kerr, and Wear.

On September 6, 2023, Plaintiff was forced into a suicide watch cell and stripped of his clothing, even though he was not suicidal. Plaintiff does not specify who allegedly placed him in a suicide watch cell or took his clothing. When Plaintiff was naked, Defendants Logan and Kerr allegedly made lewd comments regarding Plaintiff's body. Plaintiff wrote to Defendant Coleman-Weems, but she did not respond or take action.

On January 3, 2024, Plaintiff alleges Defendant Wear searched his cell for a MP3 player. Plaintiff states his MP3 player was in his t-shirt near his stomach area. During a pat down, Plaintiff alleges he was restrained or held by another unidentified Security Therapy Aide. Plaintiff alleges Defendant Wear "rubbed his hand(s) from behind on my genitals focusing only on my penis and testic[les] before he probed my anus by separating my buttocks, he was making unusual sounds." (Doc. 1 at p. 10). Plaintiff alleges he cried for help but was ignored. Plaintiff alleges he now suffers from severe panic attacks and sleep deprivation.

2

4:25-cv-04154-JEH     # 8     Filed: 10/14/25     Page 3 of 9

Plaintiff alleges Defendants Donathan, Coleman-Weems, Posey, Hinthorne, and Ham were aware of the verbal and sexual abuse Plaintiff experienced by through the Attempt to Resolve and grievance process. Plaintiff alleges Defendants failed to take action or investigate the abuse.

## II

Plaintiff alleges Defendants Logan and Kerr made lewd sexual remarks about his body on September 6, 2023. "Verbal harassment generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment." *Boston v. Brown*, No. 25-CV-1525-DWD, 2025 WL 2377992, at *2 (S.D. Ill. Aug. 15, 2025) (citing *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review)). "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358; *see also Smith v. Myers*, No. 118CV02255TWPDLP, 2018 WL 3631285, at *1 (S.D. Ind. July 30, 2018) ("[A]lthough indefensible and unprofessional, isolated verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case.") (citing *DeWalt v. Carter*, 224 F.3d 607, 612 n. 3 (7th Cir. 2000)). Defendants' sexually suggestive or humiliating comments do not rise to the level of a constitutional violation. Defendants Logan and Kerr are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Wear sexually assaulted him during a body search on January 3, 2024. As a civil detainee, Plaintiff's § 1983 claim is governed by the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335 (7 Cir. 2018). "Civilly committed detainees are entitled to 'protection

against cruel and inhumane treatment' under the Due Process Clause that is 'at least as extensive as that afforded to prisoners by the Eighth Amendment.'" *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015) (quoting *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008)).

Generally, "only those [bodily] searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). This is because inmate searches are critical to the security of an institution, and prison officials are permitted to touch, pat down, and search a prisoner to determine whether the prisoner is hiding anything dangerous on his person. *Id.* However, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the plaintiff's sexual desires, can violate a prisoner's constitutional rights." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Accordingly, to prove a due process claim, the plaintiff must show that a search was "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Based on his allegations, the Court finds Plaintiff has alleged a Fourteenth Amendment substantive due process claim against Defendant Wear based on allegedly groping Plaintiff's genitals and probing his anus without penological justification during a pat down search on January 3, 2024.

Plaintiff alleges Defendants Donathan, Coleman-Weems, Posey, Hinthorne, and Ham were aware of the verbal and sexual abuse by reading about the abuse through the Attempt to Resolve and grievance procedures. Section 1983 does not allow actions against individuals based on their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and

4

predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Simply receiving correspondence from a prisoner does not make a prison official liable for the alleged constitutional violation. *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, No. 93-176, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances). Defendants Donathan, Coleman-Weems, Posey, Hinthorne, and Ham are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Finally, Plaintiff named Waterkotte as a Defendant, but Plaintiff did not include any specific allegations about Waterkotte in his Complaint. Therefore, Waterkotte is dismissed without prejudice.

### III

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and a Motion to Waive Fees (Doc. 6).

For indigent plaintiffs who are institutionalized, but not prisoners, as defined in 28 U.S.C. § 1915(h), the Court employs a reduced filing fee procedure that assesses an initial, partial filing fee equal to 50% of the plaintiff's average monthly income for six months preceding the filing of the complaint, except when trust fund ledgers show an average monthly balance of $1.00. The Court permits a plaintiff an opportunity to request a waiver of any fee assessed.

When Plaintiff sought leave to proceed *in forma pauperis* and submitted his trust fund ledger in September 2025, his average monthly income for the six months prior was $25.01. (Doc. 5). Accordingly, the Court assessed an initial filing fee of $12.51 and directed Plaintiff to pay the fee within 14 days or to file a motion to waive fee demonstrating good cause for a waiver. (d/e 9/10/2025). Plaintiff

now asks the Court to waive the reduced fee because he does not have sufficient funds in his trust account to pay the fee. (Doc. 6).

In his Motion for Leave to Proceed *in forma pauperis*, Plaintiff states he has no money in a checking or savings account, assets, or income. (Doc. 3). Plaintiff's trust fund ledger indicates that he has $11.23 in his account and therefore lacks the funds to pay reduced filing fee of $12.51. (Doc. 5). The Court finds good cause to waive the filing fee. Therefore, Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Motion to Waive Fee are GRANTED. The reduced filing fee is waived.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment substantive due process claim against Defendant Wear based on allegedly groping Plaintiff's genitals and probing his anus without penological justification during a pat down on January 3, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendants Greg Donathan, Sharon Coleman, Erin Posey, Cheryle Hinthorne, Ham, Waterkotte, Logan, and Ryan Kerr are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE them as parties.

3)      Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] and Motion to Waive Fee [6] are GRANTED. The reduced filing fee is waived.

4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive

electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

8

*It is so ordered.*

Entered: October 14, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge