IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MILTON ANDERSON,
     Plaintiff,

v.

Case No. 4:25-cv-04154-JEH

BRANDON WEAR,
     Defendant.

## Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging Defendant Brandon Wear violated his Fourteenth Amendment rights by allegedly groping his genitals and probing his anus without penological justification during a pat down on January 3, 2024, at the Rushville Treatment and Detention Facility ("Rushville"). (Doc. 1). This matter is now before the Court on Plaintiff's "Motion to Reconsider Motion to Compel" (Doc. 23), Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 24), and Plaintiff's Motion for Sanctions (Doc. 25).  For the reasons stated below, Plaintiff's Motion to Reconsider Motion is Compel is DENIED, Plaintiff's Motion for Extension of Time to Complete Discovery is GRANTED, and Plaintiff's Motion for Sanctions is DENIED.

## I

On May 5, 2026, Plaintiff filed a Motion to Compel regarding Defendant's responses to his requests to produce #3, #7, and #21. (Doc. 20). On May 20, 2026, the Court denied Plaintiff's Motion to Compel regarding requests to produce #3 and #7 and granted in part Plaintiff's request to produce #21 by ordering Defendant to produce emails he sent to or received from other staff members at

1

Rushville Treatment and Detention Facility ("Rushville") regarding the alleged incident on January 3, 2024. (Doc. 22).

On June 2, 2026, Plaintiff filed a Motion to Reconsider regarding the Court's May 20, 2026 Order on his Motion to Compel. (Doc. 23). Plaintiff asks the Court to reconsider its ruling related to his requests to produce #7 and #21. (Doc. 23 at p. 1). On June 16, 2026, Defendant filed a Response in opposition. (Doc. 26).

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Echols v. Nurse*, No. 1:24-CV-01489-JEH, 2025 WL 1600921, at *1 (C.D. Ill. Mar. 5, 2025) (citations omitted). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Echols*, 2025 WL 1600921, at 1 (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

### A

Regarding his Motion to Compel pertaining to request to produce #7, Plaintiff asked the Court to order Defendant to produce "[t]he video on the day of Jan 3 2024 of the incident of Defendant following Resident into the cell fox-4 cell-6 both views from both camera angles of Plaintiff entering the cell until Plaintiff was moved to cell 8." (Doc. 20 at p. 7, ¶ 7).

In response to Plaintiff's Motion to Compel, Defendant stated that defense counsel was working with staff members at Rushville to provide Plaintiff with an opportunity to watch the surveillance video. As a result, the Court denied

Plaintiff's Motion to Compel regarding request to produce #7, with leave to renew if Plaintiff was not given an opportunity to review the video. (Doc. 22 at p. 2).

In his Motion to Reconsider, Plaintiff argues that "the defense can put the video on a flash drive and send it to the facility where the flash drive is kept under lock and key until I request to view said video." (Doc. 23 at p. 2).

In his Response, Defendant argues Plaintiff signed an attestation confirming that he viewed the video footage pertaining to the alleged incident on June 10, 2026. (Doc. 26 at p. 16). Defendant asserts that Plaintiff's arguments regarding request to produce #7 are moot because he has reviewed the video evidence.

Because Plaintiff has now had the opportunity to review the video footage of the incident on June 10, 2026, the Court finds that Plaintiff's Motion to Reconsider regarding request to produce #7 is moot.

**B**

Regarding his Motion to Compel pertaining to request to produce #21, Plaintiff asked the Court to order Defendants to produce "[a]ll e-mails pertaining to incident, between all personnel, program directors, security director, clinical director, treatment team members, any and all security staff including but not limited to all defendants and witnesses e-mails." (Doc. 20 at p. 9, ¶ 21).

The Court found that Plaintiff's request for emails regarding the incident between "all personnel, program directors, security director, clinical director, treatment team members, and any and all security staff" was overly broad. (Doc. 22 at p. 3). However, the Court found that Plaintiff's request for emails sent to or received by Defendant pertaining to the incident on January 3, 2024 were relevant and ordered Defendant to produce the emails within 30 days. *Id.* Defendant complied with the Court's Order and produced the emails on June 15, 2026. (Doc. 26 at p. 18).

In his Motion to Reconsider, Plaintiff argues Defendant should respond to request to produce #21 "in full," as "[t]he requested emails are pertinent to the case at hand and the emails should be produced from all relevant persons including the defendant." (Doc. 23 at p. 2). Plaintiff also asserts "the policy/ directive on reporting and investigating unusual incidents 02.07.06.030 makes the emails to and from the Defendant and the supervisors up to the directors including the internal investigator relevant to the case at hand." *Id.* at p. 3.

Plaintiff did not explain how the policy or directive he cited makes the emails sent to and received by other staff members relevant. Plaintiff's Motion to Reconsider merely reargues his Motion to Compel. Plaintiff does not point to any new law or facts the Court failed to consider. Plaintiff's Motion to Reconsider regarding request to produce #21 is denied.

C

Finally, Plaintiff argues Defendant improperly objected to request to produce #6. *Id.* at p. 4. Plaintiff's Motion to Compel did not address request to produce #6, however. Therefore, the Court declines to consider Plaintiff's arguments regarding request #6.

Plaintiff's Motion to Reconsider Motion to Compel is DENIED.

II

On June 2, 2026, Plaintiff filed a Motion for Extension of Time to Complete Discovery asking the Court to extend the current discovery deadline of June 16, 2026. (Doc. 24). Plaintiff did not specify how much additional time is needed to conduct discovery.

On June 16, 2026, Defendant filed a Response stating that he does not object to a 45-day extension to complete discovery. (Doc. 27). Defendant requests an extension of time until July 16, 2026, to answer Plaintiff's interrogatories.

4

Plaintiff's Motion for Extension of Time to Complete Discovery is GRANTED. The discovery deadline is RESET for July 31, 2026, and the dispositive motions deadline is RESET for August 31, 2026. Defendant is directed to respond to Plaintiff's interrogatories by July 16, 2026.

### III

On June 9, 2026, Plaintiff filed a Motion for Sanctions regarding video evidence of the incident on January 3, 2024. (Doc. 25). First, Plaintiff indicates that Defendant produced video footage of the incident, but the video "was not complete, or intentionally destroyed, altered or purposely not turned over." *Id.* at p. 2. Plaintiff does not explain how the video was allegedly incomplete, intentionally destroyed, altered, or not turned over. Second, Plaintiff indicates that Defendant did not produce all the relevant video footage. Plaintiff states that "[t]he other camera from the end of the hallway approximately 2 feet or less away and or directly above the incident is relevant to the claims and defense which is the discovery sought/spoliated evidence." *Id.* at p. 4.

On June 23, 2026, Defendant filed a Response in opposition. (Doc. 28). Defendant acknowledges that Plaintiff requested Illinois Department of Human Services ("IDHS") officials to preserve video evidence in grievances he filed prior to filing suit. Defendant states that IDHS acknowledged those grievances and preserved the video, which Plaintiff has now reviewed twice. On June 10, 2026, the day after Plaintiff filed his Motion for Sanctions, Plaintiff reviewed the video evidence in this case a second time at approximately 10:50 a.m. Plaintiff signed an affidavit affirming that he was given adequate time to review the video and the opportunity to take notes as necessary. (Doc. 26 at p. 16). Defendant asserts that Plaintiff's belief that there is another video from the "[other] end of the hallway" is based on conjecture and unsupported by any evidence.

Courts have the inherent power to sanction a party for failure to preserve evidence that it controls when it could have reasonably foreseen that evidence to be material in a potential lawsuit. *Jones v. Bremen High School,* 08 C 3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010). Sanctions "must be proportionate to the circumstance surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir.1993). To find sanctions appropriate, the Court must determine: (1) that there was a duty to preserve the evidence; (2) that the duty was breached; (3) that the other party was harmed by the breach; and (4) that the breach was caused by the breaching party's willfulness, bad faith, or fault. *Jones,* 2010 WL 2106640, at *5. If the court finds sanctions appropriate, it must impose the least severe sanction necessary to ameliorate the prejudice that arose from the breach. *Id.*

Based on the record presented, the Court cannot find that Defendant intentionally destroyed, altered, or withheld relevant video evidence. In a conclusory fashion, Plaintiff claims that Defendant "turned over video with intent to deceive [because] the video doesn't show what's actually takin[g] place." (Doc. 25 at p. 4). Plaintiff does not explain why he believes the video footage was altered or incomplete.

Plaintiff's belief that there is additional video footage from the "other end of the hallway," which Defendant allegedly failed to preserve and produce, is based on mere conjecture. However, if Plaintiff believes another camera may have captured relevant video footage on January 3, 2024, Plaintiff may serve another request to produce upon Defendant to request this video footage and must describe the approximate location of this camera.

There is no basis for imposing sanctions against Defendant. Plaintiff's Motion for Sanctions is DENIED.

**IV**

For the reasons stated, *supra*:

(1)  Plaintiff's Motion to Reconsider Motion to Compel [23] is DENIED.

(2)  Plaintiff's Motion for Extension of Time to Complete Discovery [24] is GRANTED. The discovery deadline is RESET for July 31, 2026, and the dispositive motions deadline is RESET for August 31, 2026. Defendant is directed to respond to Plaintiff's interrogatories by July 16, 2026.

(3)  Plaintiff's Motion for Sanctions [25] is DENIED.

(4)  Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

Entered: June 24, 2026

s/Jonathan E. Hawley
U.S. District Judge

7