E-FILED
Thursday, 08 October, 2026 10:47:10 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

MILTON ANDERSON,
Plaintiff,

v.

BRANDON WEAR,
Defendant.

Case No. 4:25-cv-04154-JEH

**Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging Defendant Wear violated his Fourteenth Amendment rights by allegedly groping his genitals and probing his anus without penological justification during a pat down on January 3, 2024, at the Rushville Treatment and Detention Facility. (Doc. 1). This matter is now before the Court on Plaintiff's Motion to Take Deposition and Waive Costs (Doc. 41), Motion to Request Counsel (Doc. 42), Motion to Compel (Doc. 43), and Motion for Substitution of Judge as a Matter of Right (Doc. 44). For the reasons stated below, Plaintiff's Motions are DENIED.

**I**

On September 15, 2026, Plaintiff filed a Motion to Take Deposition and Waive Costs requesting to depose Defendant Wear and to waive the cost of the deposition. (Doc. 41). Discovery closed on July 31, 2026. (d/e 30). Plaintiff does not demonstrate good cause for extending the discovery deadline or excusable neglect for failing to move for an extension of the discovery deadline prior to its expiration.

As this Court previously explained, the fact that Plaintiff is *pro se* or proceeding *in forma pauperis* "does not entitle him to the government's assistance

when he seeks to take depositions." *Clark v. Schaller*, No. 06-242, 2006 WL 2882963, at *1 (E.D. Wis. Oct. 10, 2006) (citing *Beard v. Stephens*, 372 F.2d 685, 691 (5th Cir. 1967) (allowing a plaintiff to proceed *in forma pauperis* does not impose any duty on a district court to appoint an officer of the court to take discovery depositions for plaintiff)). Plaintiff's Motion to Take Deposition and Waive Costs is DENIED.

**II**

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 42). The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. "[T]he district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey v. Grondin*, 712 F.3d 1012, 1016-17 (7th Cir. 2013). Relevant factors as to competency include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, physical and mental health, and ability to conduct discovery. *Id.* at n. 3 (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). Finding an attorney willing to take a case like this without pay is difficult. Therefore, the Court only searches for pro bono counsel when a plaintiff truly does not appear able to proceed pro se on his claims. That an attorney would do a better job is not the test, otherwise nearly all pro se civil plaintiffs would be entitled to pro bono counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

This case involves a Fourteenth Amendment substantive due process claim against Defendant Wear based on a pat down on January 3, 2024. This claim is not complex and involves issues of which Plaintiff has direct, personal knowledge. Thus far, Plaintiff's pleadings have been coherent and supported by accompanying exhibits. There is no indication that Plaintiff has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds that Plaintiff is competent to represent himself. Plaintiff's Motion to Request Counsel is DENIED.

**III**

Plaintiff filed a Motion to Compel stating that he "filed production of documents request to defendant Brandon Wear attorneys. Defendant Brandon Wear by and through his attorneys sabotage the requested documents. Please find attached the documents they sabotaged. This request is in accordance with Local Rule 26.3." (Doc. 43 at p. 1). Defendant filed a Response in opposition. (Doc. 45).

On August 11, 2026, Plaintiff filed a Motion to Compel asking the Court to order Defendant to produce various documents. (Doc. 37). On August 12, 2026, the Court denied Plaintiff's Motion to Compel because he did not attach copies of his discovery requests to his motion, as required by Local Rule 26.3(C). (d/e 38). On September 15, 2026, Plaintiff filed the instant Motion to Compel, and once again, failed to attach the discovery demands he allegedly served. Instead, he attached a copy of his prior Motion to Compel (Doc. 37) and the Court's denial of that motion (d/e 38). Plaintiff also attached a copy of another Motion to Compel (Doc. 23) he filed on June 2, 2026, and the Court's denial of that motion (d/e 30).

A motion under Rule 37(a) is made to compel a disclosure a party failed to make under Rule 26(a) or to compel a discovery response. *Thomas Consol. Indus. v. Herbst (In re Thomas Consol. Indus.)*, 456 F.3d 719, 724 (7th Cir. 2006) ("Rule 37(a) allows courts to enter orders compelling parties to comply with discovery

requests.”). Under the Local Rule 26.3(C), a motion to compel “must be accompanied by the relevant portions of discovery material relied upon or in dispute.” Civil-LR 26.3(C). Plaintiff did not attach a copy of his requests for production of documents or explain how the documents Defendant Wear produced were allegedly “sabotaged.” Plaintiff’s Motion to Compel is DENIED.

**IV**

Plaintiff filed a Motion for Substitution of Judge as a Matter of Right. (Doc. 44). Plaintiff argues this Court should have granted his prior Motion to Request Counsel because he is civilly committed pursuant to the Illinois Sexually Violent Persons Commitment Act and has no legal knowledge to litigate this case, which involves serious allegations of sexual assault. Plaintiff also argues Defendant “derail[ed] Plaintiff[’s] discovery and when Plaintiff pointed these things out to the Court, the Honorable Judge basically held Plaintiff to the same standard as an attorney.” *Id.* at p. 2. Plaintiff also asserts that “the Court has a responsibility to draft and/or write out correctly any pleadings Plaintiff brings to the Court[’s] attention. In this case at hand the Court flat out denied.” *Id.* Plaintiff claims that the Court immediately granted Defendant’s motions without giving Plaintiff a chance to respond. Plaintiff asserts the Court denied his motions, even though the Court should have granted them.

The Court analyzes Plaintiff’s Motion pursuant to 28 U.S.C. §§ 144, 455. To establish “actual bias under § 144,” the moving party “must show some personal animus or malice on the part of the judge.” *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). “The general presumption is that judges rise above any potential biasing influences.” *Id.* at 718. “A judge’s expressions of ‘impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges’ are not sufficient to demonstrate bias or prejudice.” *Id.* (quoting *Liteky v. United*

*States*, 510 U.S. 540, 555–56 (1994)). Unlike § 144, which requires recusal of a judge when there is actual personal bias or prejudice, § 455(a) requires a judge to recuse when that judge presiding over a case would create an appearance of bias. *Tezak*, 256 F.3d at 717 n.16; *In re Sherwin-Williams Co.*, 607 F.3d 474, 477–78 (7th Cir. 2010).

This Court does not harbor any ill feelings, bias, or prejudice against Plaintiff or his allegations. The Court denied Plaintiff's Motions to Request Counsel because Plaintiff appears competent to represent himself at this stage of the proceedings. The Court denied Plaintiff's Motions to Compel because he did not comply with the Local Rules. "The Seventh Circuit has explained, '[t]hat courts are required to give liberal construction to pro se pleadings is well established ... However, it is also well established that pro se litigants are not excused from compliance with procedural rules.'" *Candell v. Shiftgig Bullpen Temp. Emp. Agency*, No. 17 C 3620, 2019 WL 184080, at *2 (N.D. Ill. Jan. 14, 2019) (quoting *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)). Plaintiff's Motion is DENIED, as his assertions do not meet the requirements of § 144 or § 455. This Court notes that the Clerk provided the parties with the form necessary to consent to the jurisdiction of a Magistrate Judge. (Doc. 14-1). If Plaintiff wishes to consent to the Magistrate Judge, he should complete the form and send it to defense counsel for consideration.

**IT IS THEREFORE ORDERED:**

**(1) Plaintiff's Motion to Take Deposition and Waive Costs [41], Motion to Request Counsel [42], Motion to Compel [43], and Motion for Substitution of Judge as a Matter of Right [44] are DENIED.**

*It is so ordered.*

Entered: October 8, 2026

s/Jonathan E. Hawley
U.S. District Judge